# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBOTTELADORA ELECTROPURA S.A. de C.V., an El Salvador corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACCUTEK PACKAGING EQUIPMENT COMPANY, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 16-cv-0724-GPC (DHB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ACCUTEK'S EX PARTE MOTION FOR DETERMINATION DISCOVERY DISPUTE [ECF NO. 22]** |

## INTRODUCTION

On March 30, 2017, Defendant Accutek Packaging Equipment Company, Inc. ("Defendant") filed an Ex Parte Motion for Determination of Discovery Dispute. (ECF No. 22.) Defendant seeks to compel amended responses to two requests for admissions and an interrogatory. (*Id.* at 2-3.) Upon review of the motion, the Court ordered Plaintiff Embotteladora Electopura S.A. de C.V. ("Plaintiff") to file a response in opposition to the motion by April 12, 2017 and Defendant to file a reply by April 19, 2017. (ECF No. 23.) On April 17, 2017, Defendant filed a Notice of Non-Receipt of Opposition to Motion for

Determination of Discovery Dispute. (ECF No. 24.) To date, Plaintiff has not filed an opposition to Defendant's motion. Having considered Defendant's motion and Plaintiff's non-opposition, the Court **FINDS** and **ORDERS** as follows:

## **BACKGROUND**

In this action, Plaintiff alleges that Defendant knowingly made false representations regarding its Monoblock rinse, fill and capping system ("Monoblock") as best suited to satisfy Plaintiff's water bottling production needs. (ECF No. 1.)

Specifically, Plaintiff alleges: (1) Defendant made fraudulent representations about the suitability and construction of the Monoblock, which Plaintiff reasonably relied upon, resulting in damages; (2) Defendant failed to disclose to Plaintiff that the Monoblock was incapable of performing in accordance with Defendant's representations, that the Monoblock was actually incapable of satisfying Plaintiff's water bottling production needs, that the Monoblock was manufactured from defective materials which rusted and cracked in normal use and its components were not made of "sanitary stainless steel," as represented, and Plaintiff's justifiable reliance on Defendant's representations and concealed material facts caused Plaintiff to suffer lost sales, lost profits, and other damages; (3) Defendant negligently made materially false representation and Plaintiff sustained damages as a result its justifiable reliance upon those representations; (4) Defendant breached an in part written and in part oral agreement with Plaintiff by failing to deliver the Monoblock in conformance with Defendant's representations and capable of satisfying Plaintiff's water bottling production needs as discussed in the negotiations leading up to contract formation; (*Id.*)

Plaintiff also alleges: (5) Defendant breached its express warranty that one Monoblock was capable of bottling water at the rate of "up to 7,200 BPH," that the Monoblock Plaintiff purchased could bottle water at the rate of "up to 11,000 BPH," that the Monoblock was manufactured from "quality stainless steel" and, thus, would not rust, by delivering a nonconforming Monoblock to Plaintiff which was unusable for its intended use resulting in substantial out-of-pocket expenses and damages; (6) Defendant, as a

merchant, breached implied warranties that the Monoblock would be of merchantable quality and be fit for its intended use by Plainitff due to deficiencies and defects in the design, manufacture and materials, which rendered the Monoblock unusable by Plaintiff and caused substantial out-of-pocket expenses and damages; and (7) Defendant was unjustly enriched at Plaintiff's expense. (*Id.*)

On December 2, 2016, the Honorable Louisa S Porter, United States Magistrate Judge, issued a scheduling order regulating discovery and other pre-trial proceedings. (ECF No. 19.) In that motion, Judge Porter orders that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure be completed by August 4, 2017. (*Id.* at 2.) Although the Court expects counsel to make every effort to resolve all disputes without its intervention, parties are permitted to file a joint motion if impasse is reached. (*Ibid.*) Also, the Court cautions that failure to comply with any of the Court's discovery orders may result in the sanctions provided for in Fed. R. Civ. P. 37. (*Id.* at 3.)

On January 17, 2017, Defendant propounded both its requests for admissions and interrogatories, set number one, pursuant to Federal Rules of Civil Procedure 33 and 36 on Plaintiff. (ECF No. 22-1 at 5-9, 52-56.) Plaintiff responded to Defendant's requests for admissions on February 16, 2017. (*Id.* at 58-66.) On February 24, 2017, Defendant's counsel sent Plaintiff's counsel a meet and confer letter detailing specific responses Plaintiff provided in its initial responses which Defendant believed were improper or inadequate. (*Id.* at 84-88.) On March 17, 2017, counsel for both parties held a verbal meet and confer teleconference, memorialized in an email, where Plaintiff expressed that it would stand by its responses to Requests for Admissions Nos. 20 and 21 and to Interrogatory No. 1 as to Request for Admission No. 9. (*Id.* at 90.) On March 21, 2017, Defendant's counsel provided Plaintiff's counsel a proposed joint motion for determination of discovery dispute, including all exhibits and supporting materials, for Plaintiff's input to be included. (*Id.* at 92.) Defendant advised Plaintiff that it would file an ex parte application if it did not receive Plaintiff's position by March 30, 2017. (*Id.*)

On March 30, 2017, Defendant filed an ex parte motion for determination of a discovery dispute after its unsuccessful attempt to file a joint motion. (ECF No. 22.) Upon review of the motion, the Court ordered Plaintiff to file a response in opposition to the motion by April 12, 2017 and Defendant to file a reply by April 19, 2017. (ECF No. 23.) On April 17, 2017, Defendant filed a Notice of Non-Receipt of Opposition to Motion for Determination of Discovery Dispute. (ECF No. 24.) To date, Plaintiff has not filed an opposition to Defendant's motion.

# DISCUSSION

## A. Legal Standard

### 1. Requests for Admissions

Federal Rule of Civil Procedure 36(a) permits a party to serve any other party with a written request to admit any matters within the scope of Federal Rule of Civil Procedure 26(b)(1) relating to facts. Fed. R. Civ. P. 36(a)(1)(A). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). In response, a party may admit the fact, specifically deny it, or state in detail why the party cannot truthfully admit or deny. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

If the requesting party contends that the response is insufficient, the party may "move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the court finds that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id*. Ordinarily, the court should "first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." *Asea, Inc*., 669 F.2d at 1247. However, "this determination,

4

16-cv-0724-GPC (DHB)

like most involved in the oversight of discovery, is left to the sound discretion of the district judge." *Id.*

The Advisory Notes to Fed. R. Civ. P. 36 suggest that requests for admissions involving the application of law to fact may create disputes between the parties which are best resolved in the presence of the judge after much or all of the other discovery has been completed. However, Rule 36's Advisory Notes also state that courts should not automatically defer these decisions to a later date as, in many instances, "the importance of the admission lies in enabling the requesting party to avoid the burdensome accumulation of proof prior to pretrial conference."

While Rule 36 allows a party to request an admission of "the application of law to fact," "[r]equests for purely legal conclusions…are generally not permitted." *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F.Supp.3d 1184, 1195-96 (D.Or. 2015). As noted by other districts in this circuit, "the distinction between the application of law to fact and a legal conclusion is 'not always easy to draw.'" *Id.* at 1196 (quoting *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4743121, at *2 (N.D.Cal. Oct. 3, 2012) (citing *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 952254, at *3 (N.D.Cal. Mar. 20, 2012)).

Courts that have grappled with this question have attempted to provide guidance. For example, in *Playboy Enter., Inc. v. Welles*, a plaintiff alleging trademark infringement, trademark dilution, and unfair competition issued an RFA asking defendant to admit that she is a public figure under *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967). 60 F.Supp.2d 1050, 1057 (S.D.Cal. 1999). The court held the request required the defendant to make an improper conclusion of law. *Ibid.* Accordingly, defendant could object to plaintiff's "public figure" request. *Ibid.* However, the court ordered the defendant to either provide factual information to support a denial, or appropriately object to the requests. *Ibid.*

Other courts have suggested ways to modify improper requests into proper requests. For example, in *Reichenbach v. City of Columbus*, a plaintiff alleging disability

discrimination under the Americans with Disabilities Act propounded an RFA requesting that the defendants "admit that the curb ramp at issue was not compliant with current federal accessibility design standards." 2006 WL 143552, at *2 (S.D. Ohio Jan. 19, 2006). The defendants objected that this request sought only a conclusion of law, and the court agreed. *Id.* According to that court, a proper request instead might have asked, "Defendants adopted a transition plan within six months of January 26, 1992, as required by 28 C.F.R. 35.150(d)(1). Admit or deny." *Id.* at fn. 3. Under *Reichenbach*, the former question involves a pure question of law and is thus improper; the latter question applies operative facts to relevant law. *Id.*

### 2. Interrogatories

Under Rule 33(b)(3) of the Federal Rules of Civil Procedure, each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Answering fully means that answers must be "true, explicit, responsive, complete, and candid." *Omeno v. 3624 Georgia Ave., Inc.*, 309 F.R.D. 29, 31 (D.D.C. 2015). While a party need not engage in an "extensive investigation" to respond to each interrogatory, the party "must pull together a verified answer by reviewing all sources of responsive information reasonably available" to provide the responsive, relevant facts reasonably available. *See Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (stating "a responding party is not required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.") (internal quotations omitted).

**B. Analysis**

Two requests for admissions, a single interrogatory, and their respective responses are at issue here. (ECF No. 22 at 2-3.) Both requests concern the applicability of California law substantively to the facts of this case. (*Id.* at 2.) The interrogatory requests a statement of facts supporting Plaintiff's responses to Defendant's requests for admissions. (*Id.* at 3.)

//
//

6

16-cv-0724-GPC (DHB)

Request for Admission No. 20

In this request, Defendant sought for Plaintiff to admit that the instant dispute is governed by California law substantively. (ECF No. 22-1 at 65.) Plaintiff responded that the request impermissibly sought legal conclusions and opinions and expressed that the matter ought to be determined by the Court. (ECF No. 22-1 at 66.)

Defendant contends that a request for admission may properly request "the application of law to fact." (ECF No. 22 at 4) (citing Fed. R. Civ. P. 36(a)(1)(A); *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937, n.4 (9th Cir. 1994)). Specifically, it argues that a request for admission is a proper application of law to fact when determining what law governs a dispute. (*Id.*) Defendant points to *S.W. v. United States* to support its proposition. 2013 WL 1342763, at *2 (S.D.Miss. April 2, 2013).

In *S.W.*, a case where plaintiffs' medical malpractice claims arose under the FTCA, the court found that the Mississippi wrongful-death statute would apply although the parties agreed that Illinois law applied because the underlying surgery and alleged injury occurred there. *Ibid.* The court noted that most persuasive was the Government's response to plaintiffs' request for admission No. 11 which "admit[ted] that the Mississippi Wrongful Death Statute, Miss. Code Ann. § 11-7-13 is applicable." *Ibid.* The court reasoned that the request for admission validly sought admission of a mixed question of law and fact and the plaintiffs incurred considerable time and expense litigating the case with an expectation that Mississippi's wrongful-death statute would apply. *Ibid.*

The Court agrees that seeking an admission from a responding party as to the law applied to given set of facts is a permissible use of an RFA as an application of law and fact. *Id; see also Mora v. Lancet Indemnity Risk Retention Group, Inc.*, 2017 WL 818718, at *3 n. 3 (Mar. 1, 2017). Chiefly, this type of admission furthers the objectives emphasized in the Advisory Notes of Fed. R. Civ. P. 36 in "enabling the requesting party to avoid the burdensome accumulation of proof." As highlighted by the court in *S.W.*, parties incur considerable time and expense litigating the case once the choice-of-law question is determined. *S.W.*, 2013 WL 1342763, at *2.

7

Here, Defendant's Request for Admission No. 20 validly sought admission of an application of law and fact by requesting Plaintiff admit that this instant dispute is governed by the substantive law of the State of California. (ECF No. 22-1 at 9.) Although the facts here are distinct from *S.W.*, where the court dealt with a post-trial request to ignore a party's admission to what law governed, Defendant here is attempting to avoid the same fate the court in *S.W.* cautions parties to avoid, incurring significant expense unnecessarily. The Court finds Defendant's request simply seeks to serve the purposes of Rule 36 through narrowing issues by eliminating the issues that can be brought.

Contrary to Plaintiff's response's contention, the request does not impermissibly seek a legal conclusion or opinion. *See Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (finding one request sought a purely legal conclusion when nothing in it applied law to fact, particularly the facts of that case, and another request sought a purely legal opinion as it sought what was required under FTA regulations). Defendant's request specifically sought whether California substantive law would apply in the "instant dispute." The Court finds Defendant's request focused on what law governed the facts of *this* case. The Court also finds that Defendant's Request for Admission No. 20 did not seek a legal opinion as it did not ask Plaintiff to interpret any law.

Accordingly, the Court finds Plaintiff's objection is improper and orders Plaintiff to amend its response to an admission or denial within 14 days of service of this order. If the matter is not admitted, the Court orders that Plaintiff's response comply with Fed.R.Civ.P. 36(a)(4).

Request for Admission No. 21

In this request, Defendant sought for Plaintiff to admit that the conduct alleged as the basis for Plaintiff's claim is a "transaction in goods" as defined by Section 2012 of the California Uniform Commercial Code. (ECF No. 22-1 at 66.) Plaintiff again responded that the request impermissibly sought legal conclusions and opinions and expressed that the matter ought to be determined by the Court. (*Id.*)

8

16-cv-0724-GPC (DHB)

Defendant Accutek argues that Plaintiff's objection is improper as Request for Admission No. 21 is a permissible application of law to fact. (ECF No. 22 at 6.) Specifically, Defendant argues that it is permissible for a request for admission to ask whether an individual was acting in the "course and scope of employment." (*Id.*) (citing *McSparran v. Hanigan*, 225 F.Supp. 628, 635 (E.D. Pa. 1963)).

Defendant solely relies on *McSparran*; however, the Court is not persuaded that case provides the guidance needed to decide this issue.[1] The Court looks to the persuasive precedent set forth in *Disability Rights Council*, 234 F.R.D. at 3 (D.D.C. 2006)[2], as an appropriate standard for guidance on this issue.

In *Disability Rights Council*, Defendant WMATA's requests asked the plaintiffs to interpret federal laws. *Id.* The court reasoned that unlike the existence of a statute, of which a court can take judicial notice, the existence of a contract and the language contained therein is a factual matter. *Id.* Also, the intent of the parties to a contract and what they understood the contract to mean is also an issue of fact. *Id.* However, the court determined that WMATA requesting that the plaintiffs state their understanding of federal

---

[1] In *McSparran*, an action was brought against a general contractor and others for damages arising from the death of a subcontractor's employee who was killed when a trench which was being excavated caved in. The court dealt with numerous post-trial motions filed by all defendants after jury verdicts in favor of the plaintiff. This Court acknowledges that the *McSparran* court reviewed admissions offered by both sides, along with other evidence, to decide whether a defendant was a "statutory employer" and immune from workmen's compensation liability in a common law action under § 203 of the Pennsylvania Workmen's Compensation Act, as amended (77 P.S. § 52). However, the *McSparran* court did not specifically address the question of whether an RFA asking for such interpretation impermissibly seeks a legal conclusion or opinion. *McSparran*, 225 F.Supp. at 635.

[2] In *Disability Rights Council*, the case was referred to Magistrate Judge John M. Facciola for resolution of discovery disputes. Disabled individuals and the Disability Rights Council of Greater Washington (collectively "plaintiffs") filed a lawsuit against the Washington Metropolitan Area Transit Authority ("WMATA") alleging that WMATA has failed to provide adequate paratransit services, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* WMATA served its First Request for Admissions upon plaintiffs, which included twenty-five separate requests. In response, plaintiffs objected to each of WMATA's requests, but answered, at least in part, two of the requests. WMATA subsequently filed a Motion Seeking a Determination that Plaintiffs' Objections to Admissions are Unjustified and Matters Be Admitted. The court denied WMATA's motion. *Disability Rights Council*, 234 F.R.D. at 1.

9

law was purely a legal matter. *Id.* Of note, the court found another of WMATA's requests called for a purely legal conclusion because the plaintiffs had no special knowledge that would enable them to answer the request with any more certainty than WMATA or the court through judicial notice. *Id.* Accordingly, the court upheld plaintiffs' objections to those requests. *Id.*

Here, Defendant Accutek's Request For Admission No. 21 impermissibly seeks a legal conclusion. Although Defendant attempts to apply the stated section with the alleged conduct in this case, the request ultimately asks Plaintiff for its interpretation of the California statute. As the court in *Disability Rights Council* highlights, our Plaintiff, an El Salvadorian corporation, does not possess any special knowledge that would enable them to answer the request with any more certainty than Defendant, as a California corporation. Thus, the Court finds Plaintiff Electropura's objection was proper.

<u>Interrogatory No. 1 Response for Request for Admission No. 9</u>

Defendant's Interrogatory No. 1 asks Plaintiff to state all facts upon which it bases it's responses to Defendant's Request for Admissions, Set No. 1, other than unqualified admissions. (ECF No. 22-1 at 72.) Plaintiff's response instructed Defendant to "See Plaintiff's Response to Requests for Admissions, Set No. One, which explains in detail the bases for each of Plaintiff's denials." (*Ibid.*) Defendant's Request for Admission No. 9 sought that Plaintiff admit the document attached as Exhibit G is a true an correct copy of an unsigned exemplar of the terms and conditions agreement attached as Exhibit F. (*Id.* at 61.) In Plaintiff's response, it denied that claim and stated, "Exhibit F [*sic*] is neither a true nor a correct exemplar of Exhibit F."[3] (*Id.*)

Defendant seeks an amended response which actually explains why it denies the genuineness of the exemplar (Exhibit G). (ECF No. 22 at 7.) Defendant contends Plaintiff's current response fails to provide any explanation for the denial and satisfy its

---

[3] The Court presumes that Plaintiff's response contains a typographical error, and Plaintiff Electropura intended to state, "Exhibit G is neither a true nor a correct exemplar of Exhibit F."

obligation to state any factual differences it believes exist between Exhibit F and Exhibit G. (*Id.*) The Court agrees. The Court finds that Plaintiff did not make a reasonable effort to respond fully to Defendant's Interrogatory No. 1 as it pertains to Request for Admission No. 9. If Plaintiff reviewed both exhibits, as the Court did, then it would realize that Exhibit G is clearly an unsigned exemplar of Exhibit F as it contains identical contract language. As such, the Court finds that Defendant is entitled to an amended response and orders Plaintiff Electropura to provide Defendant an amended response in accordance with Fed.R.Civ.P. 33(b) within 14 days of service of this order.

<u>Sanctions</u>

On March 30, 2017, Defendant filed an ex parte motion for determination of a discovery dispute after its unsuccessful attempt to file a joint motion. (ECF No. 22.) Upon review of the motion, the Court ordered Plaintiff to file a response in opposition to the motion by April 12, 2017 and Defendant to file a reply by April 19, 2017. (ECF No. 23.) On April 17, 2017, Defendant filed a Notice of Non-Receipt of Opposition to Motion for Determination of Discovery Dispute. (ECF No. 24.) To date, Plaintiff has not filed an opposition to Defendant's motion.

Civil Local Rule 83.1.a states that failure of counsel, or of any party, to comply with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including imposition of monetary sanctions of attorneys' fees and costs.

Due to Plaintiff's failure to respond to Defendant's motion, as the Court ordered, the Court imposes monetary sanctions of reasonable attorneys' fees and costs incurred in bringing Defendant's ex parte motion. The Court orders Defendant Accutek to provide the Court a declaration of accounting of costs incurred in bringing this motion within seven (7) days of the filing of this order. In addition, the Court imposes monetary sanctions of reasonable attorneys' fees and costs incurred in filing Defendant's declaration, which should also be designated.

//

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: May 1, 2017

_____
DAVID H. BARTICK
United States Magistrate Judge