UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBOTELLADORA ELECTROPURA S.A. de C.V., an El Salvador corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACCUTEK PACKAGING EQUIPMENT COMPANY, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No.: 3:16-cv-00724-GPC-DHB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[ECF No. 26] |

    Before the Court is Defendant Accutek Packaging Equipment Company, Inc.'s ("Accutek") motion for partial summary judgment (ECF No. 26) to enforce the limitation on liability provision contained within the purchase agreement executed with Plaintiff Embotelladora Electropura S.A. de C.V. ("Electropura"). The motion has been fully briefed. Plaintiff filed an opposition on June 9, 2017 (ECF No. 30), and Accutek filed a reply on June 16, 2017 (ECF No. 31). Upon consideration of the moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendant's motion for partial summary judgment.

    / / / /

## BACKGROUND

This case concerns the sale of an allegedly defective water bottling machine by Defendant Accutek to Plaintiff Electropura. Defendant Accutek is a developer and manufacturer of complete packaging solutions, and offers a wide variety of filling machines, capping machines, labeling machines, and complete packaging systems. Dkt. No. 30-1 at 2. Electropura is a bottled water company located in El Salvador. *Id.* In March 2013, Accutek sold Electropura a Monoblock 24 head washer, 24 head filler, and 8 head capper machine for a total of $370,408.46. *Id.* At that time, Electropura signed a written purchase agreement for the sale of the Monoblock, which included a limitation on liability provision. *Id.* at 3.

Plaintiff now seeks relief for the fact that the machine it purchased allegedly does not operate as promised by Defendant and as required by Plaintiff's stated business needs. Plaintiff has brought seven claims against Accutek for: 1) fraudulent misrepresentation and conspiracy to defraud; 2) fraudulent concealment and conspiracy to defraud; 3) negligent misrepresentation; 4) breach of written contract; 5) breach of express warranty; 6) breach of implied warranty; and 7) restitution and unjust enrichment. Plaintiff seeks to recover for lost sales, lost profits and other general, special, consequential and punitive damages.

On April 29, 2016, Defendant Accutek filed a motion to dismiss Plaintiff's fraud-based claims for failure to comply with Federal Rule of Civil Procedure 9(b). ECF No. 3-1. The Court denied Defendant's motion on September 15, 2016 after having concluded that Plaintiff's complaint was detailed enough to apprise Defendant of the nature of the fraud claims against it. ECF No. 14. Months later on April 25, 2017, Defendant filed the instant motion for partial summary judgment. ECF No. 26-1. In it, Defendant argues that the limitation of liability provision signed by the parties limits the damages that Plaintiff can recover in this case to the purchase price of the Monoblock. *Id.*

/ / / /

# **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 56 empowers courts to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id.* at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In making this determination, the court must "view[ ] the evidence in the light most favorable to the nonmoving party." *Fontana v.*

3

3:16-cv-00724-GPC-DHB

1  *Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). The court does not engage in credibility
2  determinations, weighing of evidence, or drawing of legitimate inferences from the facts
3  as those functions are for the trier of fact. *Anderson*, 477 U.S. at 255.
4      It is proper to grant partial summary judgment on elements of the damages claimed
5  and in order to enforce a limitation on liability. *See California v. Kinder Morgan Energy
6  Partners, L.P.*, 159 F. Supp. 3d 1182 (S.D. Cal. 2016) (granting partial summary
7  judgment and finding that plaintiff was precluded from seeking damages covered by the
8  limitation on liability provision); *see also FiTeq Inc. v. Venture Corp.*, 169 F. Supp. 3d
9  948, 955-56 (N.D. Cal. 2016); *Agricola Baja Best v. Harris Moran Seed Co.*, 44 F. Supp.
10  3d 974, 988-94 (S.D. Cal. 2014).

## **DISCUSSION**

The parties have not raised any factual disputes. Dkt. No. 26-1 at 5; Dkt. No. 30 at 4. Instead, their moving papers solely dispute the validity of the limitation on liability ("LOL") provision contained within the Monoblock's Purchase Agreement. The plain language of the LOL provision limits Plaintiff's damages to the purchase price of the defective equipment. Defendant argues that this limitation is enforceable under the California Commercial Code. *See* Cal. Com. Code § 2719(1)(b)(3). Defendant moreover argues that the LOL provision limits the damages that Plaintiff can collect regardless of whether Plaintiff prevails on its contract-based claims or its fraud-based claims. Plaintiff, in turn, argues that the LOL provision is not enforceable because it is void against public policy under Cal. Civ. Code § 1668, which generally prohibits parties from contracting away liability for fraud and other intentional wrongs. The Court will address each of these arguments in turn.

**A. Limitation on Liability Provision**

"Under California law, parties may agree by their contract to the limitation of their liability in the event of a breach." *Nat'l Rural Telecomm. Coop. v. DIRECTTV, Inc.*, 319 F. Supp. 2d 1040, 1048 (C.D. Cal. 2003). Such limitation clauses "have long been recognized as valid in California." *Markborough Calif., Inc. v. Superior Court*, 227 Cal.

App. 3d 705, 714 (1991). "In the majority of commercial situations, courts have upheld contractual limitations on liability, even against claims that the breaching party violated a law or regulation." *CAZA Drilling, Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453, 472 (2006).

"Any contract of release from negligence must be clear and explicit, free of ambiguity or obscurity, and tell the prospective releasor he or she is releasing the other from liability, including negligence. The language must be comprehensible." *Conservatorship of Link*, 158 Cal. App. 3d 138, 143 (1984). "Contractual clauses seeking to limit liability will be strictly construed and any ambiguities resolved against the party seeking to limit its liability . . . ." *Nunes Turfgrass, Inc. v. Vaughan–Jacklin Seed Co.*, 200 Cal. App. 3d 1518, 1538 (1988). However, if a court finds the "wording to be unambiguous and its meaning to be clear," the limitation on liability clause can be enforced. *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App. 3d 234, 238 (1987).

The limitation on liability clause at issue in this dispute reads as follows:

> In no event shall Accutek be liable for any indirect, incidental, punitive, special consequential damages, or damages for loss of profits, product, production, revenue, or loss incurred by customer or any third party, weather [sic] in an action, in contract, or tort, or otherwise even if advised of the possibility of such damages. Accutek's liability for damages arising out of or in connection with this agreement shall in no event exceed the purchase price of the defective equipment. The provisions of this agreement allocate the risks between company and customer. Accutek's pricing reflects this allocation of risk and but for this allocation and limitation of liability, Accutek would not have entered into this agreement.

Dkt. No. 26, Exhibit A at 2. Defendant asks the Court to enforce the plain import of this provision. Specifically, Defendant petitions the Court to find that any damages arising from the sale of the Monoblock exclude recovery for "incidental, consequential, or punitive damages" and are "capped at the purchase price of the machinery." *Id.* at 5.

Plaintiff's opposition does not respond to Defendant's interpretation of the LOL provision. It does not assert that the clause is ambiguous or that it is subject to another

5

reasonable interpretation. *See Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir. 1981) ("A contract or a provision of a contract is ambiguous if it is reasonably susceptible of more than one construction or interpretation."). As such and because the plain meaning of the clause supports Defendant's interpretation, the Court concludes that the LOL provision limits Defendant's liability to the purchase price of the defective equipment and that it precludes Defendant from liability for any incidental, consequential or punitive damages. *See FDIC v. Air Florida Sys., Inc.*, 822 F.2d 833, 836 n.2 (9th Cir. 1987) ("The meaning of contractual terms and whether they are ambiguous are questions of law."); *Am. Alt. Ins. Corp. v. Superior Court*, 135 Cal. App. 4th 1239, 1245-46 (2006) (where contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs).

**B. California Commercial Code § 2719**

Section 2719 of the California Commercial Code, California's enactment of the Uniform Commercial Code, provides the following with respect to limitations on remedies:

> Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is invalid unless it is proved that the limitation is not unconscionable. Limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable.

Cal. Com. Code § 2719(1)(b)(3); *see also Westlye v. Look Sports, Inc.*, 17 Cal. App. 4th 1715, 1739 (1993) (providing that limitation on damages in sale of goods contract is valid unless unconscionable). The California Commercial Code is applicable to the contract at issue because the sale of the Monoblock constitutes a "transaction in goods." *See* Cal. Com. Code § 2102 ("Unless the context otherwise requires, this division applies to transactions in goods."). Accordingly and in the absence of any argument from Plaintiff that the commercial code does not govern this dispute, the Court concludes that the LOL provision is governed by § 2719. The LOL provision, therefore, is valid unless unconscionable. *See* Cal. Com. Code § 2719(1)(b)(3).

Unconscionability turns on "the absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Sonic–Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (2013) (internal citations omitted). The procedural element of unconscionability focuses on "oppression and surprise, whereas the substantive element asks whether the terms "shock the conscience" or are "unreasonably one-sided." *Agricola*, 44 F. Supp. 3d at 991-92. The burden of proving unconscionability under § 2719(1)(b)(3) lies with the plaintiff opposing a defendant's summary adjudication motion. *Westlye*, 17 Cal. App. 4th at 1739 ("Thus we believe it was plaintiff's burden to raise the unconscionability issue in the trial court."); *see also Williams v. Cal. Physicians' Serv.*, 72 Cal. App. 4th 722, 742 (1999) ("a defendant who relies on contract terms in moving for summary judgment need not establish the contract is *not* unconscionable, unless the plaintiff's complaint alleged facts suggesting unconscionability.") (emphasis in original).

Plaintiff, here, has failed to raise any factual allegations concerning the unconscionability of the Monoblock purchase agreement. Despite the fact that Defendant squarely addressed the applicability of Section 2719 and the commercial code in its motion for partial summary judgment, Plaintiff's opposition makes only one passing reference to unconscionability. *See* Dkt. No. 30 at 4 (arguing without explanation that "the void and unenforceable nature of the 'Limitation on Liability' renders it unconscionable, as a matter of law."). Plaintiff's statement of facts, however, says nothing about the circumstances surrounding the execution of the contract and Plaintiff makes no other argument within the parameters of California's jurisprudence on unconscionability. As such, and in light of the fact that Plaintiff has failed to carry its burden of demonstrating that the LOL provision is unconscionable, the Court concludes that the LOL provision is enforceable under Cal. Com. Code § 2719(1)(b)(3). *See Westlye*, 17 Cal. App. 4th at 1739.

/ / / /

/ / / /

7

3:16-cv-00724-GPC-DHB

**C. California Civil Code § 1668**

The parties next dispute concerns whether Cal. Civ. Code § 1668 nonetheless bars enforcement of the LOL provision. Section 1668 reflects the policy of "th[e] state [of California] to look with disfavor upon those who attempt to contract away their legal liability to others for the commission of torts." *Blankenheim v. E.F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1471 (1990).[1] The statute provides that:

> All contracts which have for their object, directly or indirectly, *to exempt anyone from responsibility for his own fraud*, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law.

Cal. Civ. Code § 1668 (emphasis supplied). Under Section 1668, "a party cannot contract away liability for his fraudulent or intentional acts or for his negligent violations of statutory law." *Health Net of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224, 233 (2003) (emphasis removed). California courts have held that both intentional and negligent misrepresentations are included within the scope of § 1668's reference to "fraud." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 794 (2008).

Defendant argues that Cal. Civ. Code § 1668 has no applicability in this case because "California's Uniform Commercial Code preempts Section 1668." Dkt. No. 26-1 at 9. More specifically, Defendant explains that "in transactions in goods governed by the UCC, Section 1668 is wholly preempted—including as to fraud claims—and limitations on liability are analyzed solely under the standard of Commercial Code § 2719." In other words, Defendant is arguing that the validity of the LOL provision under § 2719(1)(b)(3) prevents Plaintiff from recovering any damages beyond the purchase price of the Monoblock for its contract claims and for those tort claims grounded in fraud.

---

[1] Plaintiff mistakenly refers to *Blankenheim* as a California Supreme Court case in its opposition motion. Dkt. No. 30.

The Court disagrees that Section 2719(1)(b)(3) operates in the way Defendant claims. The comments accompanying § 2719(1) state that "Under this section parties are left free to shape their remedies to their particular requirements and *reasonable* agreements limiting or modifying remedies are to be given effect." Cal. Com. Code. § 2719 (emphasis supplied). A limitation on liability provision, however, that precludes a party from recovering damages for fraud or misrepresentation is not reasonable under California law.

Defendant's interpretation of the scope of § 2719(1)(b)(3) is also unreasonable given California's long-standing policy against enforcing limitations on liability for fraud or misrepresentation. *See Food Safety Net Servs. v. Eco Safe Sys., USA, Inc.*, 209 Cal. App. 4th 1119, 1126 (2012) (". . . limitation of liability clauses are ineffective with respect to claims for fraud and misrepresentation."); *Manderville v. PCG & S Grp., Inc.*, 146 Cal. App. 4th 1486, 1500 (2007) ("It is well-established in California that a party to a contract is precluded under section 1668 from contacting away his or her liability for fraud or deceit based on intentional misrepresentation."); *Farnham v. Superior Court (Sequoia Holdings, Inc.)*, 70 Cal. App. 4th 69, 71 (1997) (". . . contractual releases of future liability for fraud and other intentional wrongs are invariably invalidated."); *Blankenheim*, 217 Cal. App. 3d at 1471 ("a party may not contract away liability for fraudulent or intentional acts");

The Court moreover notes that Defendant's argument regarding the scope of Section 2719 is also unsupported by the law. Defendant has failed to produce any case where a court has upheld a limitation on liability provision as to a claim for fraud or misrepresentation. Instead, Defendant relies exclusively on the factually-distinct decisions rendered in *Nunes* and *Agricola* to argue that Section 2719 somehow "preempts" application of Section 1668. Dkt. No. 26-1 at 12 (*Nunes* and *Agricola* "stand for the principle that in transactions in goods covered by the UCC, Section 1668 is wholly preempted—including as to fraud claims—and limitations on liability are analyzed solely under the standard of Commercial Code § 2719." ).

9

The Court, however, disagrees that the holdings of *Nunes* and *Agricola* support Defendant's argument. Neither *Nunes* nor *Agricola* concluded that a limitation on liability provision can insulate a defendant from liability for fraud or intentional conduct. *Nunes*, 200 Cal. App. 3d at 1532-39 (wherein plaintiffs challenged the limitation on liability provision under Section 1668 as insulating defendant from liability for negligent violation of the law rather than from liability for fraud); *Agricola*, 44 F. Supp. 3d at 993 (holding that LOL provision was enforceable because a party can limits its damages for a negligent statutory violation notwithstanding Section 1668). Accordingly, and in the absence of any California case holding that commercial parties can limit their liability for fraudulent or intentional acts, the Court will uphold California's policy against enforcing limitations on liability as to claims for fraud or misrepresentation.

In sum, the Court finds that limitations on liability, regardless of whether they are presumptively valid under Section 2719(1)(b)(3) of the California Commercial Code, cannot limit a defendant's liability for fraud or misrepresentation. *See Fontana Prods. Inc. v. Spartech Plastics Corp.*, 6 Fed. App'x 591, 595 (9th Cir. 2001) (concluding that damage waiver capping liability to purchase price of the product could not limit defendant's liability for fraud notwithstanding § 2719). Accordingly, the Court concludes that the LOL provision at issue here reaches as far as Plaintiff's claims for fraud and negligent misrepresentation. The LOL provision, therefore, binds Plaintiff as to its contract-based claims, but does not bind Plaintiff insofar as it claims that Defendant has committed fraud and engaged in negligent misrepresentation. *See FiTeq Inc. v. Venture Corp.*, 169 F. Supp. 3d 948, 956 (N.D. Cal. 2016) (holding that because Section 1668 renders limitation of liability "unenforceable to the extent that it would insulate defendants from liability for fraud or willful injury," limitation on liability provision only operated on breach of contract claims and not claims for fraud and fraud in the inducement); *see also Peregrine Pharm., Inc. v. Clinical Supplies Mgmt., Inc.*, 2014 WL 3791567, *15 (C.D. Cal. Jul. 31, 2014) (holding that limitation on liability clauses are inapplicable to claims for negligent misrepresentation and constructive fraud).

In reaching this decision, the Court rejects Plaintiff's contention that it must declare the entire LOL provision unenforceable because it violates Section 1668's policy against exempting a party from its fraud or intentional acts. Dkt. No. 30 at 18 ("contractual provisions which are void, illegal and unenforceable because they contravene public policy are *entirely void*, and cannot, therefore, be afforded any limited or circumscribed application.") (emphasis in original). For one, none of the cases cited by Plaintiff stands for the proposition that it asserts. *See S. Bay Senior Hous. Corp. v. City of Hawthorne*, 56 Cal. App. 4 1231, 1235 (1997) (standing for proposition that when a contracting party does not have power to enter into a contract, contract is void and "no implied liability can arise under that contract"); *Hooper v. Barranti*, 81 Cal. App. 2d 570, 574 (1947) (making general observation that contracts which are against public policy are void and cannot sustain any action); *Del Rey Realty Co. v. Fourl*, 44 Cal. App. 2d 299, 402-03 (1941) (standing for general proposition that illegal contracts cannot be enforced). Two, Plaintiff's argument also fails because it ignores the fact that Section 2719(1)(b)(3) specifically upholds limitation on liability provisions that are not unconscionable. Accordingly, and absent any argument that Section 1668 undermines the presumptive validity of limitations on liability governed by Section 2719, the Court will not conclude that the LOL provision must be declared entirely void. *See Nunes*, 246 Cal. App. 3d at 1538 (concluding that to the extent Section 2719 and Section 1668 conflict, the former controls because it is the more specific statute and therefore controls the measure of damages).

## **CONCLUSION**

The Court **GRANTS** in part and **DENIES** in part Defendant's motion for partial summary judgment. The LOL provision is enforceable to the extent that it does not insulate Defendant from liability for fraud or misrepresentation. Accordingly, the Court **GRANTS** Defendant's motion as to Plaintiff's fourth through seventh contract-based causes of action, but **DENIES** Defendant's motion as to Plaintiff's first through third causes of action, which are grounded in fraud and misrepresentation.

**IT IS SO ORDERED.**

Dated: August 2, 2017

Hon. Gonzalo P. Curiel
United States District Judge