UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBOTTELADORA ELECTROPURA S.A. de C.V., an El Salvador corporation,<br>Plaintiff,<br><br>v.<br><br>ACCUTEK PACKAGING EQUIPMENT COMPANY, INC.,<br>Defendant. | Case No.: 16-cv-0724-GPC (DHB)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT, REOPEN DISCOVERY, AND CONTINUANCE OF PRETRIAL CONFERENCE COMPLIANCE [ECF NO. 41]; and**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL [ECF NO. 42]**<br><br>**[ECF Nos. 41, 42]** |

On February 10, 2018, Plaintiff Embotelladora Electropura S.A. de C.V. ("Plaintiff") filed an *Ex Parte* Motion for Extension of Time to Amend Complaint, to Reopen Discovery, and for Continuance of Pretrial Conference Compliance and Hearing Dates. (ECF No. 41.) The same day, Plaintiff also filed a Motion to File Documents Under Seal. (ECF No. 42.) Plaintiff asks the Court to modify the existing Scheduling Order [ECF No. 37] by (1) setting a briefing schedule for Plaintiff to file a Motion for Permission to File a First Amended Complaint ("FAC"), (2) reopening discovery for six (6) months from the date of a FAC filing, and (3) rescheduling the currently scheduled February 23, 2018 Final Pretrial Conference for a time convenient after the filing of a FAC and completion of discovery. (ECF No. 41 at 10-11.) Plaintiff also moved *ex parte* for permission to file Defendant Accutek Equipment Packaging Company, Inc.'s ("Defendant") responses to Plaintiff's Special Interrogatories under seal pursuant to a stipulated protective order between the parties. (ECF No. 42 at 2.) In opposition to Plaintiff's *ex parte* motion, Defendant asserts that it is fully prepared to go to trial and requests that the potential for prejudice to all parties be considered in response to Plaintiff's *ex parte* motion. (ECF No. 43 at 6.)

In response to Plaintiff's Special Interrogatories, Defendant served original verified responses to Plaintiff on November 9, 2017, and also served amended verified responses on December 6, 2017. (ECF No. 41 at 2.) In its original responses, Defendant revealed that the water bottling equipment at issue in this case had previously been manufactured in Suzhou, China by a Chinese manufacturer, and then imported by Defendant into the United States, and then resold to Plaintiff. (*Id.*) Plaintiff alleges that, in its amended verified responses, Defendant materially changed its verified original response by stating that the water bottling equipment at issue only "included components supplied by foreign manufacturers." (*Id.* at 3.) For those reasons, Plaintiff desires to include additional claims against Defendant for fraudulent misrepresentation, deliberate concealment of material facts, negligent misrepresentations and for statutory violation of the Lanham Act. (*Id.* at 3-4.)

The Court has considered Plaintiff's ex parte application, and finds there is no good cause to grant any of Plaintiff's requests. At the November 16, 2017 Mandatory Settlement Conference ("MSC"), the Court noted that Plaintiff had failed to complete discovery before the November 13, 2107 cutoff, which hindered settlement discussions. (*See* ECF No. 40.) For that reason, the Hon. Louisa S Porter, retired United States Magistrate Judge, ordered Plaintiff to complete depositions but made clear that "[t]he Court will not entertain any further motions to extend the discovery cutoff. (*Id.* at 2.) Accordingly, the Court DENIES Plaintiff's request to reopen discovery.

The Court finds that, although amendments should freely be given, justice does not require such action here. Plaintiff was on notice of the Final Pretrial Conference date and its related filing requirements since November 2017. (*See* ECF No. 40.) In fact, at the November 16, 2017 MSC, Plaintiff was in receipt of the information from which it seeks to add new theories of recovery, Defendant's verified original responses, yet it failed to attempt to amend its complaint until now. (*See* ECF No. 43-1 at 3.) The Court notes that Plaintiff's counsel is a solo practitioner and appreciates the family obligation and illnesses of Attorney Jacob Segura and his office assistant. (*See* ECF No. 41 at 8-10.) However, all of these issues and ailments arose after Plaintiff's counsel was in receipt of Defendant's special interrogatory responses.[1] For those reasons, the Court finds Plaintiff has not shown good cause to be permitted to amend its complaint at this point. Notwithstanding Plaintiff's failure to demonstrate good cause, the Court finds that Plaintiff's *ex parte* motion should be denied on procedural grounds as the motion fails to meet the Southern District's procedural requirements for an *ex parte* motion. (*See* L.R. 83.3(g)(2)) Namely, no affidavit or declaration was submitted with Plaintiff's motion and Defendant claims no

---

[1] If Mr. Segura found "himself overextended, he should have sought help by associating other counsel to assist him in complying with his legal obligations (*see* Rules Prof. Conduct, rule 3-110(A) ["A member shall not intentionally…fail to perform legal services with competence."]; rule 3-110(C)(1)) or filed[] a motion to withdraw as attorney of record." *In re Sanders*, 21 Cal.4th 697, 712 (1999).

notice was provided as to when the motion would be made.  Furthermore, after consultation with the Hon. Gonzalo P. Curiel, United States District Judge, the Court finds that good cause has not been shown sufficient enough to continue the Final Pretrial Conference date. L.R. 16.1.d.3.c.  Thus, Plaintiff's requests to amend its complaint and/or reschedule the February 23, 2018 Final Pretrial Conference are DENIED.

Accordingly, this case shall proceed pursuant to the most recent Scheduling Order [ECF No. 40].  In addition, the Court GRANTS Plaintiff's request to file Defendant's responses to Plaintiff's Special Interrogatories under seal pursuant to a stipulated protective order between the parties.

**IT IS SO ORDERED.**

Dated:  February 13, 2018

Hon. Nita L. Stormes
United States Magistrate Judge