UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Embotelladora Electropura S.A. de C.V., an El Salvador corporation,<br><br>Plaintiff,<br><br>v.<br><br>Accutek Equipment Packaging Co., Inc., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 3:16cv00724-GPC-RNB<br><br>**REPORT AND RECOMMENDATION REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**(ECF NO. 52)** |

This Report and Recommendation is submitted to the Honorable Gonzalo P. Curiel, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c).

Now pending before the Court and ready for decision is a discovery motion initiated by defendant Accutek Equipment Packaging Co. ("Accutek"). The motion arises out of the electronic production of documents by plaintiff Embotelladora Electropura ("EE") on February 15, 2018 comprising 2 video files and 93 pdf files totaling 27,424 individual

pages, largely in Spanish, which ostensibly are supportive of EE's consequential damages claims. (These documents will hereinafter be referred to as the "2/15/18 consequential damages documents.") Accutek contends that the 2/15/18 consequential damages documents should have been produced and/or identified as part of EE's Rule 26(a)(1)(A) initial disclosures in January 2017 and/or in response to Accutek's discovery requests in February 2017. Therefore, Accutek contends that, pursuant to Federal Rule of Civil Procedure 37, "this Court should entertain a terminating sanction dismissing the complaint, or in the alternative an evidentiary sanction excluding these documents from trial and an issue sanction precluding [EE] from recovering consequential damages, and awarding monetary sanctions in connection with this motion." (*See* ECF No. 52 at 2.) For the reasons discussed hereafter, the Court recommends that Accutek's request for what would constitute case dispositive sanctions be denied in its entirety.

## RELEVANT BACKGROUND

The following background is derived from the Court's review of the declarations filed by both parties in connection with the motion, including the accompanying exhibits, and the docket sheet herein.

EE served its Rule 26 initial disclosures in this case on January 13, 2017. With respect to the issue of damages, plaintiff stated: "The amount of [EE's] damages is not presently calculated with certainty and is subject [to] further clarification and augmentation based upon results of still ongoing discovery and additional and ongoing consequential and incidental damages." (ECF No. 52-3 at 9.) Concurrently, EE produced 396 documents bearing Bates stamps EE000001 to EE000396. (*See id.* at 8-9.)

On February 16, 2017, EE served responses to Accutek's first set of interrogatories. Interrogatory No. 12 posed the following question about damages: "If YOU contend that YOU are entitled to recover consequential damages in this matter, IDENTIFY all DOCUMENTS supporting such contention." EE responded: "See Bates Stamp Nos. EE000001-EE000396." (ECF No. 52-3 at 18-19.) Concurrently, EE served responses to

Accutek's first set of Requests for Production. Request No. 5 made the following request: "If YOU contend that YOU are entitled to recover consequential damages in this matter, all DOCUMENTS and ELECTRONIC DATA supporting such contention." EE responded in pertinent part: "See Bates Stamp Nos. EE000001-EE000396." (*Id.* at 30.) Both sets of discovery responses included the following general objection: "Responding Party objects to the [Interrogatories] [Requests] to the extent they seek disclosure of proprietary and/or confidential business information of Responding Party. To the extent the [Interrogatories] [Requests] do seek such information, Responding Party will respond only pursuant to a Protective Order under Fed. R. Civ. P. 26(c)." (*Id.* at 13, 27.)

According to EE's counsel, Mr. Segura, when he and Accutek's counsel were engaged in the process of agreeing on a proposed Joint Discovery Plan in November 2016, well in advance of the initial disclosures, they both perceived the need for the parties to enter into a Stipulation for Protective Order to safeguard the parties' respective privileged and confidential information. (*See* ECF No. 52-4 at 2.) Further, according to EE's counsel, during the course of his discussions and negotiations with Accutek's counsel, they mutually agreed that the parties' voluntary disclosures would not include information which either side deemed confidential. Rather, they mutually agreed that the exchange of the parties' respective confidential information would take place by and through formal discovery, and then only after the terms and conditions of a mutually agreeable Stipulated Protective Order had been worked out, and after the Court had signed and entered such a Discovery Protective Order. (*See id.* at 3.)

EE's counsel's explanation for why EE did not produce any of the 2/15/18 consequential damages documents at the time of the initial disclosures is that during the course of formulating the Joint Discovery Plan, he and Mr. Malachowski mutually agreed that EE would provide its damages-related privileged and confidential financial information to Accutek through the formal discovery process, and then only after EE's production to Accutek of all of its privileged and confidential corporate financial

information was actually protected by the terms of a mutually agreed, Court-approved and entered Discovery Protective Order. (*See* ECF No. 52-4 at 4.)[1]

The Court entered a Discovery Protective Order in this action on March 28, 2017. (ECF No. 21.) Nearly two months later, on June 21, 2017, Accutek served on EE a notice of corporate deposition pursuant to Fed. R. Civ. P. 30(b)(6). Five of the specified 28 deposition topics related to EE's alleged damages. (*See* ECF No. 52-3 at 114-15.) The deposition notice also included a request for the production of documents and electronically stored information at the time of the deposition. Five of the 26 specified requests for production related to EE's alleged damages and thereby sought the confidential corporate financial information upon which EE based its computation of damages. (*See id.* at 122.)

According to EE, it assigned three supervisors and nine other employees who in turn devoted 696 hours to the task of gathering documents responsive to the requests for production included in the corporate deposition notice. The 2/15/18 consequential documents were the ultimate product of their efforts. (*See* ECF No. 52-5 at 7-9.)

Although the corporate deposition was noticed for July 17, 2017, it did not go forward on the noticed date due to scheduling issues. (*See* ECF No. 52-4 at 7-8.) Accordingly, on July 19, 2017, the parties filed a Joint Motion to extend the discovery cut-off date to August 25, 2017, for the stated purpose of enabling them to coordinate the

---

[1] The Court is mindful that it does not have the benefit of a declaration from Mr. Malachowski in response to the declaration of Mr. Segura, and that it is conceivable Mr. Malachowski would dispute Mr. Segura's characterization of what the two of them agreed to. The Court notes, however, that Mr. Segura's characterization is consistent with the representations in the parties' Joint Motion for a Protective Order filed on March 10, 2017 that "disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection . . . may be warranted," that "the documents to be protected include [EE's] corporate financial data which is necessary to establish damages," and that the parties were requesting the entry of the proposed protective order '[i]n order to permit this discovery to go forward." (*See* ECF No. 52-4 at 37.)

scheduling of the depositions of the five witnesses being designated to testify on behalf of EE. (*See* ECF No. 34.) The then-assigned Magistrate Judge granted the Joint Motion on July 20, 2017. (*See* ECF No. 35.)

On July 26, 2017, Accutek's counsel advised EE's counsel that Accutek was taking all the depositions of EE's designated witnesses off calendar, and that if the depositions were rescheduled, it would be close to the new discovery cut-off date of August 25, 2017. (*See* ECF No. 52-4 at 51.) However, the August 25, 2017 discovery cut-off date elapsed without the depositions of EE's corporate designees being rescheduled or renoticed by Accutek. (*See id.* at 9.) Moreover, while it appears from the Court's review of emails between counsel that, at one point, Accutek's counsel recommended that all of the parties' respective depositions be delayed until the week of October 23, 2017 (*see id.* at 11, 53), Accutek's counsel never provided EE's counsel with any specific dates for the taking of the depositions of EE's designated witnesses, even after the then-assigned Magistrate Judge unilaterally extended the discovery cut-off date to November 13, 2017. (*See id.* at 11.) Accordingly, the November 13, 2017 extended discovery cut-off date elapsed without any re-scheduling of EE's designated witnesses and also without the production by EE of any of the financial documents requested for production at the corporate deposition. (*See id.* at 11-12.)

On November 16, 2017, after the expiration of the November 13, 2017 extended discovery cut-off date, the then-assigned Magistrate Judge conducted a Mandatory Settlement Conference in this matter. As reflected in her Order (ECF No. 40), "it became apparent to the Court that settlement is impossible at this time based on incomplete discovery." During the settlement conference, Accutek's counsel requested yet another extension of the discovery cut-off date to take the depositions of EE's corporate designees and the depositions of EE's other witnesses. EE's counsel likewise requested additional time to conduct the depositions of Accutek's witnesses. (*See* ECF No. 52-4 at *16*.) The Magistrate Judge extended the time for completing the depositions to December 15, 2017. (*See* ECF No. 40.)

Consistent with the Magistrate Judge's extension of the discovery cut-off date to December 15, 2017 for the limited purpose of completing depositions, Accutek's "Amended Notice of Corporate Deposition of Embotteladora Electropura, S.A. de C.V." did not include any requests for production of documents. (*See* ECF No. 52-3 at 126-27.) Nevertheless, EE maintains that it intended to produce to Accutek at the time of the depositions of its designees all of the 2/15/18 consequential damages documents it had gathered in response to the document production requests included with the original corporate deposition notice. (*See* ECF No. 52-4 at 17-18.) However, for reasons that Accutek's counsel does not explain in his declaration, the depositions of EE's corporate designees did not go forward as noticed. (See ECF No. 52-3 at 3.)

In fact, none of the depositions of the parties' respective witnesses were ever coordinated or completed by the extended December 15, 2017 discovery cut-off date. (*See* ECF No. 52-4 at 18.) On February 10, 2018, EE filed an "Ex Parte Motion for Modification of Scheduling Order and Continuance of Pretrial Conference Dates" (*see* ECF No. 41), after EE's counsel's was rebuffed in his efforts to get Accutek's counsel to join in a motion to reopen discovery. (*See* ECF No. 52-4 at 18-19.) On February 13, 2018, EE's Ex Parte Motion was denied. (ECF No. 45.) In the face of the denial, EE elected to produce the 2/15/18 consequential damages documents two days later, denominating them in its counsel's cover email "Plaintiff's Supplemental Responses and document production in response to your client's Request for Production of Documents." (*See* ECF No. 52-4 at 20; ECF No. 52-3 at 134.)

## DISCUSSION

As a preliminary matter, the Court will address EE's contention that none of the Rule 37 sanctions sought by Accutek are available as a matter of law under the Ninth Circuit's holding in *Uniguard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 367-68 (9th Cir. 1992). EE is citing *Uniguard* for the proposition the District Court has no power to impose sanctions pursuant to Rule 37(b)(2) in the absence of a court order

compelling compliance with that prior order by the party upon whom the moving party sought to impose such sanctions. (*See* ECF No. 52-2 at 5.)

However, the *Unigard* decision predated the 1993 amendments to the Federal Rules of Civil Procedure. Several of those amendments undercut EE's reliance on *Unigard*. First, the 1993 amendments imposed for the first time the requirement under Rule 26(a) that certain matters be disclosed without a discovery request. *See* Advisory Committee Notes re 1993 Amendment to Rule 26, Subdivision (a).

The 1993 revision of Rule 37 also included a new subparagraph (c)(1), which provided a self-executing sanction for the failure to make a disclosure required by Rule 26(a) and also provided the Court with the authority to impose a wide range of other sanctions on noticed motion, including the severe sanctions listed in Rule 37(b)(2)(A) that are being sought by Accutek here. *See* Advisory Committee Notes re 1993 Amendment to Rule 37, Subdivision (c). It is clear from the Advisory Committee's discussion of the availability of these other sanctions that they do not depend on the existence of a prior court order:

> "Preclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party. However, the rule provides the court with a wide range of other sanctions—such as declaring specified facts to be established, preventing contradictory evidence, or, like spoliation of evidence, allowing the jury to be informed of the fact of nondisclosure—that, though not self-executing, can be imposed when found to be warranted after a hearing." *Id.*

Further, under the 1993 revision of Rule 37, "evasive or incomplete responses to disclosures and responses to interrogatories and production requests are treated as failures to disclose or respond." *See* Advisory Committee Notes re 1993 Amendment to Rule 37, Subdivision (a).

Thus, EE's reliance on *Uniguard* is misplaced. Nevertheless, for the reasons discussed hereafter, the Court does not believe that any sanctions are warranted here.

### A. Sanctions under Rule 37(c)(1) are not warranted based on EE's failure to produce the 2/15/18 consequential damages documents at the time of its initial disclosures.

Among the initial disclosure obligations of Rule 26(a)(1)(A) is the obligation to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each [category of damages] computation is based, including materials bearing on the nature and extent of injuries suffered." It is this obligation that Accutek contends EE violated when it failed to produce the 2/15/18 consequential damages documents at the time of its initial disclosures in January 2017.

As noted above, according to EE's counsel, Accutek's counsel had agreed well in advance of the initial disclosures that EE did not have to provide any of its damages-related privileged and confidential corporate financial information as part of its initial disclosures, but rather need only provide such information in response to formal discovery requests and pursuant to the terms of a mutually agreed, Court-approved and entered Discovery Protective Order. As also noted above, EE's counsel's characterization is consistent with the representations in the parties' Joint Motion for a Protective Order filed on March 10, 2017 that "disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection . . . may be warranted," that "the documents to be protected include [EE's] corporate financial data which is necessary to establish damages," and that the parties were requesting the entry of the proposed protective order '[i]n order to permit this discovery to go forward."

Moreover, the obligation to produce under Rule 26(a)(1) is qualified by the phrase, "unless privileged or protected from disclosure." In the Court's view, EE's corporate

financial records constituted confidential information that EE could reasonably assert were protected from disclosure in the absence of a protective order.

The Court therefore finds that EE did not violate its initial disclosure obligations when it failed to produce the 2/15/18 consequential damages documents at the time of its initial disclosures. It follows that no sanctions under Rule 37(c)(1), let alone the case dispositive sanctions sought by Accutek, are warranted based on that failure.

### B. Sanctions under Rule 37(c)(1) are not warranted based on EE's failure to produce and/or identify the 2/15/18 consequential damages documents in response to Accutek's discovery requests.

Accutek's other contention is that the 2/15/18 consequential damages documents at least should have been produced or identified in response to Accutek's discovery requests, and specifically Interrogatory No. 12 and Request for Production No. 5, in February 2017.

At the time EE served its responses to Accutek's discovery requests on February 16, 2017, the parties had not yet submitted their Joint Motion for a Protective Order, in which the parties acknowledged that "the documents to be protected include [EE's] corporate financial data which is necessary to establish damages." As noted above, both sets of discovery responses included the following general objection: "Responding Party objects to the [Interrogatories] [Requests] to the extent they seek disclosure of proprietary and/or confidential business information of Responding Party. To the extent the [Interrogatories] [Requests] do seek such information, Responding Party will respond only pursuant to a Protective Order under Fed. R. Civ. P. 26(c)."

The Protective Order was entered by the Court on March 28, 2017. Two days later, Accutek filed an Ex Parte Motion for Determination of Discovery Dispute, which sought *inter alia* to compel a further response to Interrogatory No. 1. (*See* ECF No. 22.) Even though Accutek clearly was on notice from the statement in the Joint Motion for a Protective Order and from EE's general objection to both sets of discovery that EE had not produced or identified responsive documents that supported its consequential damages

claims, Accutek did not move to compel a further response to Interrogatory No. 12 or Request for Production No. 5. Nor did Accutek challenge the above-quoted general objection.

As noted above, when Accutek served its Rule 30(b)(6) deposition notice on June 21, 2017, the deposition notice included a request for the production of documents and electronically stored information at the time of the corporate deposition. Five of the 26 specified requests for production related to EE's alleged damages and thereby sought the confidential corporate financial information upon which EE based its computation of damages. In the Court's view, by renewing its discovery requests after the entry of the Protective Order for the same discovery relating to EE's damages claims requested by its Interrogatory No. 12 and Request for Production No. 5, the insufficiency of EE's earlier responses to those discovery requests, which Accutek had never challenged, became moot.

The Court therefore finds that no sanctions under Rule 37(c)(1), let alone the case dispositive sanctions sought by Accutek, are warranted based on EE's failure to identify and/or produce the 2/15/18 consequential damages documents in response to Accutek's discovery requests in February 2017.

## CONCLUSION AND RECOMMENDATION

EE maintains that it gathered the 2/15/18 consequential damages documents in response to the Rule 30(b)(6) deposition notice and was prepared to produce them at the time of the depositions of its designated Rule 30(b)(6) witnesses. If Accutek had proceeded to take those depositions, instead of repeatedly delaying and ultimately electing not to go forward with them, it would have received the documents prior to 2/15/18. Alternatively, if Accutek had simply requested the production of the documents in advance of the Rule 30(b)(6) depositions, which nothing precluded it from doing, it would have received the documents prior to 2/15/18. Accutek had ample opportunity to obtain the documents it now asserts it was prejudiced by not receiving earlier.

In the Court's view, Accutek's conduct in ultimately electing to forego taking the Rule 30(b)(6) depositions and then turning around and taking the position that case dispositive sanctions should be imposed on EE for not producing the documents EE had been prepared to produce at the time of the depositions smacks of gamesmanship. The Court refuses to condone such gamesmanship.

For all of the foregoing reasons, this Court **RECOMMENDS** that Accutek's request for sanctions be denied in its entirety.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See id.*

Dated: April 10, 2018

ROBERT N. BLOCK
United States Magistrate Judge