UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBOTELLADORA ELECTROPURA S.A. de C.V., an El Salvador corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ACCUTEK PACKAGING EQUIPMENT COMPANY, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:16-cv-00724-GPC-MSB<br><br>**ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**[ECF No. 158]** |

On February 13, 2020, Defendant Accutek Packaging Equipment Company ("Accutek") filed a Renewed Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b). (ECF No. 158.) On March 20, 2020, Plaintiff Embotelladora Electropura ("Electropura") filed an opposition to Accutek's motion. (ECF No. 163.) Accutek filed a reply on March 30, 2020. ECF No. 164. Based on the parties' papers, the applicable law, and the reasons set forth below, the Court **GRANTS** Accutek's Renewed Motion for Judgment as a Matter of Law.

//

//

//

//

## I. Background[1]

The parties' dispute arises out of Accutek's sale of an allegedly defective Biner Ellison water bottling machine (the "Monoblock") to Electropura. Accutek is a California corporation that develops and manufactures complete packaging solutions, and offers a wide variety of filling machines, capping machines, labeling machines, and complete packaging systems. (ECF No. 157.) Electropura is a bottled water corporation in El Salvador. (*Id.*) Due to the Monoblock's alleged deficiencies and defects, Electropura filed an action, alleging seven claims against Accutek. (*Id*. at 2-3.)

### A. Trial

From October 28 to November 7, 2018, the Court conducted a seven-day trial. (ECF No. 116.) On November 5, 2018, at the close of Electropura's case-in-chief and prior to the jury returning a verdict, Accutek moved orally for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). (ECF No. 110.) The Court requested that the motion be briefed in writing and deferred ruling on the motion until after the jury completed its deliberation and issued its special verdicts. (*Id.*) That same day, Accutek filed a written Motion for Judgment as a Matter of Law, arguing Electropura's fraud claims, including its intentional misrepresentation claim, failed as a matter of law and that the lack of fraud required dismissal of Electropura's unjust enrichment claim. (ECF No. 111.) This written motion addressed "out of pocket" and consequential damages (ECF No. 111-1 at 7-8), but did not address the issue of punitive damages.

On November 9, 2018, the jury returned a verdict in favor of Electropura for intentional misrepresentation, among others. (ECF No. 118.) After the return of the verdict, Electropura, for the first time during the litigation of the case, requested current

---

[1] The Court assumes the parties' familiarity with the facts of this case, and includes only a summary of relevant facts and procedural developments necessary to decide Accutek's Renewed Motion for Judgment as a Matter of Law. The Court has previously recounted in full the factual and procedural background. *See* ECF No. 157.

financial statements from Accutek to ascertain Accutek's current net worth to introduce at the punitive damages phase for the jury's assessment of the appropriate amount of punitive damages. (ECF No. 158-2 at 5-6.) Accutek argued it was not Accutek's burden to produce these financial statements given that Electropura had failed to request the financial statements during discovery. (*Id.* at 6.) In addition, Accutek reported that it would need time to contact the corporation's president to obtain the requested financial statements. (*Id.*)

The Court found that Electropura would have been entitled to the financial statements during discovery because it had requested punitive damages in its complaint. (*Id.*) However, since Electropura had failed to seek these documents, the Court concluded that it would proceed with the punitive damages phase on November 9, 2018 and not reopen discovery or delay the proceedings. (*Id.* at 8.)

Before Plaintiff began presenting evidence at the punitive damages phase, the parties and the Court discussed the issue of Accutek's net worth. Electropura claimed the Ninth Circuit model jury instructions did not require evidence of Accutek's net worth for purposes of the jury assessing punitive damages. (*Id.* at 9.) Accutek, on the other hand, asserted that evidence of Accutek's net worth was required for the jury to assess punitive damages. (*Id.*) The Court did not decide the issue and invited counsel to brief the issue after relieving the jury. (*Id.*)

During the punitive damages phase of trial, Electropura asked questions of one witness, Electropura's employee Orlando Perla. (ECF No. 157 at 24.) Perla acknowledged he had no personal knowledge of Accutek's financial condition. (*Id.*) Perla also admitted he had been told nothing about Accutek's financial strength. (*Id.*) Electropura's proof about Accutek's financial condition consisted of Accutek's financial wherewithal to be a company that Electropura would conduct business with. (ECF No. 158-2 at 17:24-18:4.) Specifically, Perla testified that he had seen Accutek at international shows, including Mexico. (*Id.* at 18:2-4.) Accutek did not renew its challenge to the sufficiency of evidence in the punitive damages phase or at the close of

the presentation of evidence during this phase.  The jury awarded Electropura $525,000 in punitive damages on November 9, 2018.  (ECF No. 119 at 2.)

### B.     Post-Trial

On December 3, 2018, Electropura filed its opposition to Accutek's Motion for Judgment as a Matter of Law.  (ECF No. 126.)  On December 5, 2018, Accutek filed a reply.  (ECF No. 129.)  On December 9, 2018, Accutek filed a Motion for a New Trial.  (ECF No. 130.)  In moving for a new trial, Accutek contended that Electropura's intentional misrepresentation claim failed as a matter of law and that Electropura failed to present sufficient evidence to justify the jury's punitive damages award.  (*Id.*)  On December 26, 2018, Electropura filed an opposition to Accutek's motion for a new trial.  (ECF No. 134.)  On January 4, 2019, Accutek filed a reply.  (ECF No. 135.)

The Court denied Accutek's Motion for Judgment as a Matter of Law and granted in part Accutek's Motion for a New Trial.  (ECF Nos. 141, 157.)[2]  Construing Accutek's Motion for Judgment as a Matter of Law as a post-verdict motion for judgment as a matter of law under Rule 50(b), the Court concluded that there was sufficient evidence to support the jury's verdict in Electropura's favor on the intentional misrepresentation claim and respective "out of pocket" and consequential damages.  (ECF No. 157 at 20-21.)  On the same basis, the Court denied Accutek's Motion for a New Trial regarding the intentional misrepresentation claim and respective "out of pocket" and consequential damages.  (*Id.* at 21.)

However, the Court further found that the jury's finding of punitive damages was legally invalid under California law and should be vacated, warranting a new trial on punitive damages.  (*Id.*)  The Court observed that California state law would have permitted entry of judgment as a matter of law in favor of Accutek on a finding of

---

[2] On July 24, 2019, the Court issued an original order, denying Accutek's Motion for Judgment as a Matter of Law and granting in part Accutek's Motion for a New Trial on the issue of punitive damages. (ECF No. 141.) On February 13, 2020, the Court issued an amended order, again denying Accutek's Motion for Judgment as a Matter of Law and granting in part Accutek's Motion for a New Trial on the issue of punitive damages. (ECF No. 157.)

insufficient evidence to support punitive damages. (*Id.* at 25.) (citing *Baxter v. Peterson* (2007) 150 Cal. App. 4th 673, 692 (where plaintiff had a full opportunity to present his case, and failed to introduce evidence of defendant's financial condition, the evidence was insufficient, punitive damage award reversed, and no retrial of the issue was required)). However, the Court further held that, while California substantive law applies as to determining punitive damages, Federal Rules of Civil Procedure 50 and 59 govern the procedures required in post-trial proceedings in federal court. Since Accutek only moved for a new trial on this issue, the Court could not rule in favor of Accutek as a matter of law on punitive damages. (*Id.*)

In response to the Court's order, on February 13, 2020, Accutek filed a Renewed Motion for Judgment as a Matter of Law on the issue of punitive damages. (ECF No. 158.) On March 20, 2020, Electropura filed an opposition to Accutek's motion. (ECF No. 163.)

**II.   Discussion**

    **A.   Legal Standard**

Rule 50(a) governs motions for judgment as a matter of law, and Rule 50(b) governs renewed motions for judgment as a matter of law. *Xiong v. Chavez*, 2015 WL 345609, at *2 (E.D. Cal. Jan. 28, 2016). A Rule 50(b) motion "is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (citing *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion. *Pavao*, 307 F.3d at 918. The court "must review the entire evidentiary record." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). "[T]he court must not weigh the evidence, but should simply ask whether the [nonmoving party] has presented sufficient evidence to support the jury's

conclusion." *Id.* (citing *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227-28 (9th Cir. 2001)).

A Rule 50(b) motion for judgment as a matter of law "is not a freestanding motion[,]" but "a renewed Rule 50(a) motion." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Indeed, a "renewed [Rule 50(b)] motion . . . must be preceded by a [Rule 50(a)] motion . . . that sets forth the specific grounds raised in the renewed [Rule 50(b)] motion." *Wallace v. City of San Diego*, 479 F.3d 616, 631 (9th Cir. 2007). "The 'procedural requirement of filing a Rule 50(a) motion before filing a Rule 50(b) motion' is construed 'strictly,' and the 'failure to file a Rule 50(a) motion precludes consideration of a Rule 50(b) motion for judgment as a matter of law." *Century Sur. Co. v. Saidian*, 2016 WL 6440140, at *17 (C.D. Cal. Mar. 16, 2016) (quoting *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1082 (9th Cir. 2009)).

A party may renew a properly made Rule 50(a) motion pursuant to Rule 50(b) "[i]f the judge denies or defers ruling on the motion, and if the jury then returns a verdict against the moving party[.]" *Go Daddy*, 581 F.3d at 961. But, a Rule 50(b) motion is limited to the grounds asserted in its predicate Rule 50(a) motion. *Id.* In other words, "a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'" *Id.* (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citations omitted)).

**B.  <u>Analysis</u>**

    **1.  <u>Accutek's Statements Addressing the Necessary Basis for Punitive Damages Qualify as an Inartful Rule 50(a) Motion for Judgment as a Matter of Law</u>**

Accutek's original Motion for Judgment as a Matter of Law did not address punitive damages. (ECF No. 111.) Instead, Accutek first presented the issue of punitive damages in a Motion for a New Trial filed on December 9, 2018. (ECF No. 130.) In that motion, Accutek challenged the sufficiency of evidence during the punitive damages

1  phase only as a Motion for a New Trial, not as a Motion for Judgment as a Matter of
2  Law.  It was not until February 13, 2020, that Accutek first raised the issue of punitive
3  damages within the context of a Renewed Motion for Judgment as a Matter of Law.
4  (ECF No. 158.)

5  Accutek argues that the statements made during the colloquy on the issue of
6  punitive damages constitute a Rule 50(a) motion which permits the filing of this renewed
7  motion. (ECF No. 158-1 at 5.)  Accutek submits that these statements informed Plaintiff
8  of its positions on the law and facts required to support a punitive damage award and that
9  regardless of the failure to cite Rule 50(a), the Ninth Circuit has accepted "ambiguous or
10 inartfully" made motions under Rule 50(a).  (ECF 158-1 at 4.)  Electropura disagrees,
11 contending that nowhere in the colloquy did Accutek make an oral or written motion for
12 judgment as a matter of law on the issue of punitive damages.  (ECF No. 163 at 10-14.)

13 A Rule 50(a) motion "must specify the judgment sought and the law and facts that
14 entitle the movant to the judgment." Fed. R. Civ. P. 50(a).  "The purpose of Rule 50(a) is
15 to preserve the question of the sufficiency of the evidence as a question of law so the trial
16 court can review its initial denial of judgment as a matter of law and it calls to the
17 attention of the court and the opposing party the alleged deficiencies in the evidence
18 while there is still the opportunity to correct them." *In re Taco Bell Wage & Hour*
19 *Actions*, 2016 WL 950775, at *2 (E.D. Cal. Mar. 14, 2016) (citing *Freund v. Nycomed*
20 *Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).  The moving party may make the Rule
21 50(a) motion orally.  *See Nitco Holding Corp. v. Boujikan*, 491 F.3d 1086, 1088 (9th Cir.
22 2007) (accepting party's "orally entered motion under Fed. R. Civ. P. 50(a)").  An
23 "'ambiguous or inartfully made motion' under Rule 50(a)" after the close of all evidence
24 may be sufficient.  *Go Daddy*, 581 F.3d at 961 (quoting *Reeves v. Teuscher*, 881 F.2d
25 1495, 1498 (9th Cir. 1989)).

26 Prior to the punitive damage phase of trial, the Court held a hearing to address the
27 evidence that the Plaintiff intended to offer to prove its case on punitive damages.  At
28

issue was whether Plaintiff was required to offer evidence regarding Accutek's net worth. The colloquy is as follows:

| | |
|---|---|
| Electropura's Counsel: | I am advised or informed the Ninth Circuit model jury instructions do not require evidence of net worth of the defendant for purposes of punitive damages. |
| The Court: | All right. I am not sure if anyone is of the view that you have to have evidence of net worth. |
| Accutek's Counsel: | Well, I would simply state, to preserve the record, that we believe that that would be required as a predicate to being able to consider punitive damages; otherwise, it is just pulling out of thin air, and you never know what they will come up with. |
| The Court: | And it may very well be that is the case, but we will have time afterwards for briefing, and then we can get this jury done, which I am sure they are looking forward to being done with by today. |

(ECF No. 158-2 at 9:4-18.). Here, Accutek maintains it preserved the right to bring a Rule 50(b) motion on the issue of punitive damages based on statements made during the colloquy discussing the essential elements for a punitive damage award. (*Id.* at 5:9-11.) (ECF No. 158-1 at 4.) Electropura counters that Accutek never presented an oral motion for judgment as a matter of law on the issue of the sufficiency of Electropura's punitive damages. (ECF No. 163 at 10, 14.)

Electropura is correct that Accutek never specifically invoked Rule 50(a) in raising its position on punitive damages. Despite the inartful motion by Accutek, the Court finds that the above exchange reflects Accutek's factual and legal position that Accutek's financial condition was an essential element for a punitive damage award and that Plaintiff did not have evidence to offer on financial condition since Electropura had failed to request and obtain Accutek's financial information and, further, had claimed that it was not required to submit financial information. The Court agrees with Accutek that it specified the law and facts that entitled Accutek to judgment in its favor and that the sum

of these actions was a sufficient approximation of a Rule 50(a) to support the renewal of the Rule 50(b) motion. *Cf. Villanueva v. McInnis,* 723 F.3d 414, 418 (5th Cir. 1984) (the sum of motion for a directed verdict at the end of the nonmoving party's case and objections to party's failure to present sufficient evidence "were a sufficient approximation of a renewed motion for directed verdict to support [the moving party's] later motion for judgment notwithstanding the verdict.")

The reason for requiring a motion for a directed verdict at the close of the evidence "is to avoid making a trap of the motion for judgment notwithstanding the verdict, either at the trial stage or on appeal." *Quinn v. Southwest Wood Products, Inc.*, 597 F.2d 1018, 1025 (5th Cir. 1979). The *Quinn* court noted:

> When a claimed deficiency in the evidence is called to the attention of the trial judge and of counsel before the jury has commenced deliberations, counsel still may do whatever can be done to mend his case.  But if the court and counsel learn of such a claim for the first time after verdict, both are ambushed and nothing can be done except by way of a complete new trial.  It is contrary to the spirit of our procedures to permit counsel to be sandbagged by such tactics or the trial court to be so put in error.

*Id.* Here, the parties addressed the factual predicate for a punitive damage award before Electropura presented its evidence.  Accutek maintained that Electropura was required to offer evidence of net worth in order to avoid a situation where the jury would, otherwise, pull a number out of the air.  This statement reveals a correct recitation of California law, *i.e.*, that evidence of Accutek's net worth was required for the jury to assess punitive damages against Accutek.[3]  Meanwhile, Electropura took the position that it was not required to introduce evidence of Accutek's net worth to support a punitive damage award and failed to offer such proof because it had none.  Certainly, Accutek's argument drew both the Court and Electoropura's attentions to the alleged deficiencies in the

---

[3] Plaintiffs must demonstrate three factors to uphold an award of punitive damages: (1) reprehensibility of the conduct; (2) the amount of punitive damages must be proportional to the compensatory damages; and (3) the financial condition of the defendant. *Neal v. Farmers Ins. Exchange*, 21 Cal.3d 910, 928 (1978).  To prove punitive damages, all three factors must be satisfied by evidence at trial.

evidence regarding Accutek's net worth while Electropura still the opportunity to correct them.

There is nothing in the record to suggest that Accutek ambushed or sandbagged Electropura, and Electropura cannot complain that it was lulled into complacency regarding the sufficiency of the evidence which it intended to offer. *See Splitt v. Deltona Corp.*, 662 F.2d 1142, 1143–45 (5th Cir. 1981) (Unit B) (objection to jury charge on punitive damages sufficed as predicate to motion for judgment notwithstanding the verdict "[s]ince all parties had notice of the basis for [movant's] concern, Rule 50's purpose had been served."). The Court finds that Accutek's statements during the colloquy qualify as a Rule 50(a) motion for judgment as a matter of law on punitive damages.

### i. Timing of Accutek's Statements

Prior to the 2006 amendment of Rule 50, a Rule 50(a) was required at the close of all of the evidence. *See Farley Transportation Company, Inc. v. Santa Fe Trail Transportation Company*, 786 F.2d 1342, 1347 (9th Cir. 1985). However, in 2006, Rule 50(b) was amended "deleting the requirement that a motion be made at the close of all the evidence." Rule 50, advisory committee's note to 2006 amendment. It was recognized that an earlier motion "informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available." *Id*.

Even before the 2006 amendment, there was one recognized exception to the requirement for a Rule 50(a) motion at the close of all of the evidence – namely, where an earlier motion for a directed verdict has been taken under advisement by the trial judge. The trial court's reservation of a ruling on a motion for a directed verdict made before the close of all the evidence maintains the motion as a continuing objection to the sufficiency of the evidence, provides notice to the opposing party of the challenge, and constitutes a judicial indication that renewal of the motion is not necessary to preserve the moving party's rights. *See, e.g., Ebker v. Tan Jay International, Ltd*., 739 F.2d 812, 823

1  (2d Cir. 1984).  *See generally* 5A Moore, Federal Practice ¶ 50.08, at 50–79.  Here, during the colloquy, the Court advised Accutek that "we will have time afterwards for briefing" (ECF No. 158-2 at 9) and then after the jury returned its punitive damage award, the Court again told the parties that the pending motions were under submission. (ECF No. 128 at 38.)  These statements taken together had the effect of taking Accutek's position as a continuing objection and taking it under submission.

In any event, the policies underlying a Rule 50(b) renewed motion for judgment as a matter of law have been abundantly satisfied in this case.  Electropura had notice of deficiencies in its punitive damages case before it presented its punitive damages case and the Court took Accutek's arguments regarding these deficiencies under submission to permit Accutek to amplify its arguments following trial.  *Cf. Farley Transportation Company, Inc. v. Santa Fe Trail Transportation Company*, 786 F.2d 1342, 1347 (9th Cir. 1985) (a proper Rule 50(a) motion may be based on a "request for a jury instruction directing the jury to return a verdict in favor of the moving party" or "an objection to a jury instruction on the ground that insufficient evidence was presented on an issue to allow it to be submitted to the jury").

In view of the above, the Court finds that Accutek's statements during the colloquy qualify as a Rule 50(a) motion; that the present Rule 50(b) motion is timely[4]; and that Electropura failed to provide proof on Accutek's financial condition, an essential element in supporting a claim for punitive damages.[5]

///

///

///

---

[4] Accutek asserts that its Renewed Motion is timely because no judgment has been entered, and Rule 50(b) requires that a renewed motion be made "[n]o later than 28 days after the entry of judgment." (ECF No. 158-1 at 5:22-27.)  Electropura does not dispute this assertion.

[5] The Court incorporates by reference its discussion in its earlier order regarding the necessary elements required to support a punitive damages award.  *See* ECF No. 157 at 22-24.

## III. Conclusion

Accordingly, the Court **GRANTS** Accutek's Renewed Judgment as a Matter of Law on the issue of punitive damages.

**IT IS SO ORDERED.**

Dated:  April 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge