UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBOTTELADORA ELECTROPURA S.A. de C.V., an El Salvador Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>ACCUTEK PACKAGING EQUIPMENT COMPANY, INC., a California Corporation,<br><br>         Defendant. | Case No.: 3:16-cv-00724-GPC-MSB<br><br>**ORDER DENYING JOINT MOTION TO STRIKE JURY VERDICT AND GRANTING JOINT MOTION TO DISMISS CASE WITH PREJUDICE**<br><br>**[ECF Nos. 170, 173, 174]** |

  On May 20, 2020, Plaintiff Embotteladora Electropura ("Plaintiff") and Defendant Accutek Packaging Equipment Company ("Defendant") (collectively, "Parties") settled the case. ECF No. 168. On September 14, 2020, the Parties filed a joint motion to dismiss the case with prejudice and to strike the jury verdicts pursuant to the settlement negotiate by the Parties. ECF No. 170. On September 17, 2020, the Court ordered the Parties to file a memorandum of points and authorities identifying the authority for striking the jury verdicts. ECF No. 172. On September 21, 2020, Plaintiff and Defendant each filed a response to the Court's order. ECF Nos. 173, 174.

Defendant argues that the Court has the inherent authority to strike the jury verdict from the record pursuant to its power to control the docket. ECF No. 173 at 2−3 (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)). Defendant states that the purpose of the Parties' stipulation to strike the jury verdict was to preserve Defendant's busines reputation. *Id.* at 3. Plaintiff states that it "was unable to locate any statutory or decisional law which authorizes or empowers this Court to strike lawfully rendered and entered jury verdicts from the official record of the trial proceedings in this action." ECF No. 174 at 2.

A court's power to control its docket, including the ability to strike a filing from the docket as a sanction for improper litigation conduct, does not give it free reign to strike documents from the public record at the request of the parties. District courts are not required to vacate a prior order in order to facilitate settlement. *See Bates v. Union Oil Co.*, 944 F.2d 647, 650 (9th Cir. 1991). Although the current joint motion seeks to strike the jury verdict, the Court finds case law on motions to vacate court orders pursuant to settlement instructive. *See Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994) (requiring a showing of "exceptional circumstances" to justify vacatur of district court judgment when mootness of appeal arose through settlement); *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1169−70 (9th Cir. 1998) (finding that district courts should weigh the equities when determining whether to vacate a prior judgment).

Like court orders, jury verdicts "are not merely the property of private litigants" to be used as bargaining chips in settlement negotiations, but exist in part for public benefit and "should stand unless a court concludes that" vacatur is in the public interest. *Bonner Mall*, 513 U.S. at 26–27 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). "The public interest in preserving the work product of the judicial system should always at least be weighed in

the balance before . . . a motion [to vacate] is granted." *Izumi*, 510 U.S. at 41 (Stevens, J. dissenting).  A number of district courts have denied motions to vacate an order pursuant to settlement.  *See, e.g., BrightEdge Techs., Inc. v. Searchmetrics, GmbH.*, No. 14-CV-01009-HSG, 2019 WL 1369915, at *2 (N.D. Cal. Mar. 26, 2019) (finding global settlement did not constitute exceptional circumstances to vacate judgment and declining to exercise equitable discretion to order vacatur); *POLAR-Mohr Maschinenvertriebsgesellschaft GmbH, Co. KG v. Zurich Am. Ins. Co.*, No. 17-CV-01804-WHO, 2018 WL 8344296, at *1 (N.D. Cal. May 11, 2018) ("The parties also stipulated to vacate the Order Regarding Cross-Motions for Summary Judgment . . . . The parties lack the authority to agree to vacate court orders, it is not my practice to vacate orders as part of a settlement, and I will not vacate the one in question."); *Reynolds v. Allstate Ins. Co.*, No. C-10-4893-SI, 2012 WL 4753499, at *1 (N.D. Cal. Oct. 4, 2012) (declining to vacate an order on summary judgment as part of a global settlement).

Defendant notes only that the stipulation to strike the jury verdict was negotiated as a part of the Parties' settlement and that striking the jury verdict would protect its business reputation.  In contrast, the public interest generally favors public access to judicial records.  *See Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597–98 (1978).  Defendant "make[s] no attempt to hide the fact that [it] seek[s] to 'buy an eraser for the public record' through conditional settlement." *Gardner v. CafePress Inc.*, No. 3:13-CV-1108-GPC-JLB, 2015 WL 13427727, at *2 (S.D. Cal. Jan. 9, 2015) (citing *Am. Games*, 142 F.3d at 1170).  The Parties have thus failed to make a showing that the public interest warrants striking the jury verdict.

As to the joint motion to dismiss with prejudice, Plaintiff has joined the motion to strike the jury verdict in compliance with the settlement agreement.  There was no provision that the granting of the joint motion to strike was a condition precedent to the motion to dismiss.  Therefore, the case can be dismissed.

3

3:16-cv-00724-GPC-MSB

Accordingly, the Court **DENIES** the Parties' joint motion to strike the jury verdict. The Court **GRANTS** the Parties' joint motion to dismiss the case with prejudice.

**IT IS SO ORDERED.**

Dated: September 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge